# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07-cr-79-9 |
| v. ) | |
| ) | Judge McDonough/Steger |
| COURTNEY WASHINGTON ) | |

## MEMORANDUM AND ORDER

COURTNEY WASHINGTON ("Defendant") came before the Court for an initial appearance on June 9, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on a Petition for Warrant for Offender under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Gianna Maio of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Steve Neff explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing; however, he requested a detention hearing.

The Court conducted a detention hearing on June 9, 2017. Defendant was represented by Gianna Maio at the detention hearing, while the government was represented by Steve Neff. The government relied upon the testimony of United States Probation Officer Cornell Mitchell as well as the sworn Petition executed by Officer Mitchell which includes a recitation of the various violations of conditions of supervision committed by Defendant (*i.e.*, refrain from committing another federal, state or local crime; answer truthfully all inquiries by, and follow instructions of, the probation officer; refrain from excessive use of alcohol and purchasing, possessing, and using controlled substances not prescribed by a physician; refrain from frequenting places where

controlled substances are illegally sold, used, distributed or administered; refrain from associating with persons engaged in criminal activity and persons convicted of a felony unless granted permission to do so by the probation officer; notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer).

Defendant's counsel, Gianna Maio, proffered evidence and introduced two letters into evidence, which letters speak to Defendant's good character (Exhibit 1). Counsel for both sides were given an opportunity to argue for and against detention.

The undersigned finds that Defendant tested positive for marijuana use on a number of occasions in March, April and May of 2016, which led to a modification of his supervised release requiring him to serve four weekends of confinement at the Silverdale Detention Center. He successfully completed this intermittent confinement; however, in May 2017, the Chattanooga Police Department executed a search warrant at Defendant's residence and located marijuana, marijuana grinders, a small amount of cocaine and a police scanner. Defendant was arrested and bonded out of the Hamilton County Jail on May 9, 2017. Defendant failed to notify his Probation Officer of this contact with law enforcement.

The Court finds that the evidence establishes probable cause to believe that Defendant has committed violations of his conditions of supervised release, and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court GRANTED the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

Defendant's counsel proffered additional evidence that Defendant has been diagnosed with a serious – possibly fatal – disease, and further, that he is in need of significant, critical dental work which had been scheduled to be performed in the immediate future. Defendant's counsel will seek to obtain medical records to substantiate these health conditions and will present them to the Court if she believes such conditions form the basis for Defendant to be released from custody for critical medical treatment.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender under Supervision, they shall request a hearing before United States District Judge McDonough.

3. The government's motion that Defendant be DETAINED WITHOUT BAIL pending further Order of this Court is **GRANTED**.

**ENTER.**

s/*Christopher H. Steger*<br>United States Magistrate Judge